## BURRELL WARREN V. THE STATE OF TEXAS.

### IN COURT OF APPEALS, TYLER TERM, 1884.

*Theft—Information.*—Charges directly that the defendant committed the theft although it states, parenthetically, "as shown by the complaint of H. M. S." *Held* sufficient to charge the offense inasmuch as the words in parenthesis not being essential nor discriptive of the offense, may be treated as surplusage. See the opinin *in ext. nso* for distinction between the information in this case and those in the cases of Hunt v. State, 9 Ct. App., 404, and Allen v. State, 13 Ct. App., 28.

*Same—Theft of Lost Property--Charge of the Court—Intent*—Lost property like any other property may be the subject of theft, but in order to become so, the fraudulent intent to steal it must exist at the very time of the taking. Any subsequent fraudulent intent will not render the previous taking felonious. See the opinion for a charge on the subject, *held*, error, because it extends the fraudulent intent to a time immediately after the taking. Note also a special charge refused, which properly stating the rule on the subject, should have been given.

Appeal from Van Zandt county.

The opinion sufficiently describes the case.

#### OPINION.

We think the information is sufficient. It directly charges that the defendant committed the theft, although it states, parenthetical-

ly, "as shown by the complaint of H. M. Sullivan." These words not being essential, nor descriptive of the offense, may be treated as surplusage. It is unlike the informations in the case cited by counsel for defendant (Hunt v. State, 9 Ct. App., 404 ; Allen v. State, 13 Ct. App., 28,) when the allegations were that the offenses were committed *as shown by the complaint, ι tc.,* without anything to indicate that the county attorney intended to directly aver himself the commission of the offense. In Allen v. State, *supra*, it is said, "Had the words been contained in parenthesis, or omitted entirely, the information would not have been obnoxious." In this case, the words being contained in parenthesis, the objection is not a good one. None of the objections to the information are well taken.

II. It is shown by the evidence that the property charged to have been stolen by defendant, was lost by the owner and found by the defendant. Upon this state of facts the court charged the jury as follows : "Lost property may be the subject of theft. And if one find lost property, and at the time of finding, or *immediately thereafter*, forms in his mind an intent to defraud its owner, or deprive him of the value of the same, and to appropriate the same to his own use and benefit, he cannot claim, that the taking was not wrongful." This charge was promptly excepted to by the defendant, ·and the following special charge was requested by him, which was refused, viz : "The intent is the gist of the offense, and such intent must exist at the time of the taking, no subsequent felonious taking will render the previous taking felonious." The charge given by the court was erroneous, because it did not confine the fraudulent intent to the very time of the taking, but extended it to a time *immediately after the taking*, which the law does not warrant· "Immediately," as used in the charge, does not mean instantly, at the very time of the taking, but it means a time directly thereafter, leaving the jury to determine for themselves, how long a time after the taking would be immediately thereafter. Such is not the law with regard to the theft of lost property, or, in fact, of any other propeaty. The correct rule is stated in the above special charge, which was refused by the court. (Reed v. State, 8 Ct. App., 40; Wilson v. State, 14 Ct. App., 205 ; Dow v. State, 12 Ct. App., 343, Knutson v. State, 14 Ct. App., 570; Robinson v. State, 11 Ct. App., 403.)

Because the court erred in giving the charge quoted, and in resing to give the charge requested, the judgment is reversed and the cause remanded. Willson, J.